[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11411

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CORY ALAN STEWART,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:18-cr-00044-JLB-MRM-2

_____

Before WILSON, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Cory Alan Stewart appeals his 360-month sentence for production of child pornography. Stewart argues that his sentence is substantively unreasonable. After careful review, we affirm.

## I.    FACTUAL BACKGROUND

### A.  Offense Conduct[1]

In 2017, Stewart lived in North Fort Myers, Florida, with his girlfriend and co-defendant, Marie Antoinette Edwards, and two other people. Edwards's 12-year-old son (victim 1) and 11-year-old daughter (victim 2) lived with their biological father in Port Charlotte but visited Edwards on two weekends each month.

One of Stewart's housemates noticed him becoming affectionate toward victim 2 and entering the bathroom while victim 2 was taking a shower. The housemate looked at a tablet that she and Stewart shared and found messages between Stewart, Edwards, and victim 2 indicating that Stewart had a

---

[1] The description of Stewart's offense conduct is drawn from the factual proffer contained in Stewart's plea agreement and the unobjected-to facts in his presentence investigation report.

sexual interaction with victim 2, with Edwards's knowledge. The housemate reported these messages to authorities.

In an interview with the Department of Children and Families, victim 2 stated that Stewart touched her under her underwear with his hand and had put his fingers inside her vagina on multiple occasions over the past few months. Victim 2 told Edwards about it, but Edwards did not do anything in response. Victim 2 stated that Stewart recorded her while she was naked in a bathtub with her mother.

Based on victim 2's statements and the messages on the tablet, law enforcement obtained a warrant to search Stewart's cell phone. The phone contained six sexually explicit videos involving the children, as well as still images of victim 2 standing nude. The phone contained three videos, created on November 17 and November 18, 2017, showing Edwards performing oral sex on victim 1 and, in the third video, attempting to have penetrative sex with victim 1. Stewart recorded all three videos and, in the third one, gave instructions to Edwards and victim 1 throughout the recording.

The phone contained three more videos, created on November 24, 2017, in which Stewart recorded victim 2 while she was in the shower or bathtub. In the first video, Stewart masturbates over the toilet while victim 2 is in the bathtub and Edwards is kneeling next to the bathtub. The video later shows Stewart putting his hand in the water and rubbing victim 2's leg and back, and then placing his hand between her legs. In the

second video, victim 2 is standing in the shower and Stewart pulls the shower curtain back, exposing her. In the third, victim 2 is laying in the bathtub, and the video focuses on her genitalia.

In an interview with law enforcement, Stewart admitted that he learned in October 2017 that Edwards had been sexually abusing her son, victim 1, since he was eight years old. After Stewart learned about this, Edwards offered to "set Stewart up" with her daughter, victim 2. Stewart further admitted that he made videos of Edwards performing oral sex on victim 1, and those videos were for his and Edwards's personal gratification. Stewart also admitted that he gave verbal direction to Edwards and victim 1 in one of the sexually explicit videos and that he had shown victim 2 his penis on multiple occasions.

## B.  Indictment and Guilty Plea

An indictment charged Stewart with two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a), (e) (Counts 1 and 2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2) (Count 3). Count 1 corresponded to the videos of victim 1, and Count 2 corresponded to the videos of victim 2.

Pursuant to a plea agreement, Stewart pled guilty to Count 1, and the government agreed to move to dismiss the remaining counts at sentencing. The district court found that Stewart was competent to enter a plea and that his guilty plea was knowing

and voluntary. It accepted his plea and adjudicated him guilty of production of child pornography as charged in Count 1.

## C. Presentence Investigation Report ("PSI")

Stewart's PSI assigned him a base offense level of 32. His base offense level of 32 was: (1) increased by two levels because his offense involved a minor older than 12 but younger than 16; (2) increased by two levels because his offense involved sexual contact; (3) increased by two levels because he had care or supervisory control over the minor victim; (4) increased by two levels because he was a leader or supervisor in the criminal activity; (5) increased by five levels because he engaged in a pattern of activity involving prohibited sexual conduct; and (6) decreased by three levels for acceptance of responsibility, resulting in a total offense level of 42.

Stewart's total offense level of 42 and criminal history category of IV yielded an advisory guideline range of 360 months to life. Because the statutory maximum term of imprisonment for Count 1 was 360 months, Stewart's advisory guideline term became 360 months.

The PSI stated that, when Stewart was 11, he accidentally shot and killed a friend. Stewart spent the following three years in various juvenile detention and psychiatric facilities. He attempted suicide while in custody at age 12 and, after a suicide attempt at a local jail at age 17, he was evaluated and diagnosed with bipolar disorder and depression. Stewart receives

medication for these conditions and advised that he has not contemplated suicide since age 17. Stewart is now 41 years old.

The PSI further stated that Stewart had a history of substance abuse, particularly crack cocaine and alcohol, but had not used drugs in twelve years and had not consumed alcohol in three years.

Stewart submitted an evaluation report from a clinical psychologist, Dr. Sheila K. Rapa. The report concluded that (1) Stewart had been diagnosed with attention deficit hyperactivity disorder and bipolar disorder, and (2) he likely also suffered from post-traumatic stress disorder, which had never been properly diagnosed or treated.

## D.  Sentencing Hearing

At sentencing, the district court adopted the PSI's calculation of Stewart's 360-month advisory guideline term. The victims' biological father was present at the hearing and asked the government to read a letter he had written about the impact that Stewart's and Edwards's conduct had on the victims. In the letter, the victims' father stated that victim 2 was in counseling because she was having nightmares about what happened to her. The father stated that victim 2 cried whenever the name "Cory" was mentioned around her. The victims' father also stated that victim 1 had problems with touching girls at school because he did not know that it was inappropriate to do.

Next, the district court gave Stewart the chance to allocute. Stewart stated that he had no excuse for what he did and that he was not going to say it was because he was addicted to drugs or made poor choices. Stewart stated that he should have protected the children when he found out what Edwards was doing with victim 1, and he did not do what was right. Apparently addressing the victims' father, Stewart stated that he "never, ever molested your daughter" and that, at some point after taking the videos, he put a stop to what was going on and would not allow Edwards to be around victim 1 anymore. Stewart said he was sorry for what he had done.

Next, through counsel, Stewart argued that the district court should vary downward to a 20-year sentence, arguing that this case was not as severe as other child pornography cases that led to a 30-year sentence. Stewart's counsel referred to the psychologist's report and noted Stewart's troubled background, including his multiple suicide attempts as a teenager and his drug addiction. His counsel argued that Stewart had done well while in custody and on the proper medications. Counsel argued that Stewart had shown remorse and was capable of rehabilitation.

The government responded that there was no good reason to vary downward. It argued that, although Stewart was only charged with the videos made on two dates, the PSI contained evidence that the abuse was not limited to those occasions.

The district court stated that it considered the sentencing guidelines and the § 3553(a) factors. It then stated that (1) the

main factors here were the seriousness of the offense and deterrence; (2) Stewart was in a position to do something about Edwards's behavior when he found out about it; and (3) "instead of doing something about it, he chose to video it and masturbate." The district court sentenced Stewart to 360 months' imprisonment, to run consecutive to any sentence that would be imposed in the state courts.

This is Stewart's appeal.

## II.    DISCUSSION

Stewart argues that his 360-month sentence is substantively unreasonable.[2] We review the reasonableness of a sentence under a deferential abuse-of-discretion standard employing a two-step process. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). First, we examine whether the district court committed any significant procedural error. *Id.* Because Stewart claims no procedural error, we move to the second step of determining whether his sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances.[3] *Id.*

---

[2] Stewart's plea agreement contained a waiver of his right to appeal his sentence "on any ground," with certain limited exceptions. government does not seek to enforce the sentence-appeal waiver in this case. Therefore, we do not, and need not, address Stewart's argument that one of the exceptions to the waiver applies.

[3] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to

The party challenging the sentence—here, Stewart—carries the burden of showing that the sentence is substantively unreasonable. *Id.* at 1189.

This Court will vacate a sentence on substantive reasonableness grounds only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted). A district court may attach great weight to one § 3553(a) factor over others, and the weight it attaches to any specific factor is committed to its sound discretion. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). When the district court chooses a sentence within the advisory guidelines range, we typically expect the sentence to be a reasonable one. *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009). That is especially true of within-range sentences for child sex crimes, which this Court has called "the most egregious and despicable of societal and criminal offenses." *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009).

---

provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public from the defendant's future crimes; (5) the advisory guidelines range; and (6) the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

Stewart's 360-month sentence is substantively reasonable. In fashioning the sentence, the district court had discretion to give weight to the seriousness of the offense and the need for deterrence over other § 3553(a) factors. *See Rosales-Bruno*, 789 F.3d at 1254. And, while Stewart argues that it did not consider his history and characteristics, the record shows that his traumatic childhood, history of mental illness, and his drug addiction were all discussed in the PSI, in the psychologist's report that Stewart submitted, and at the sentencing hearing. And the district court was well within its substantial discretion to weigh less heavily those concerns and to weigh more heavily the seriousness of Stewart's offense, including that his conduct caused ongoing psychological and disciplinary issues for both children. Moreover, while Stewart argues that his offense was limited to the dates of the videos, the district court correctly found that the PSI contained evidence of ongoing abuse, including Stewart's own admission that he had shown his penis to victim 2 on "multiple occasions." Finally, we note that Stewart's sentence reflects the advisory guideline term of 360 months, which is yet another indicator of substantive reasonableness.

Therefore, Stewart has not shown that "the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of [this] case." *See Irey*, 612 F.3d at 1190 (quotation marks omitted). Because Stewart has

21-11411          Opinion of the Court                    11

not shown that his sentence is substantively unreasonable, we affirm his 360-month sentence.

**AFFIRMED.**